Filed 4/13/23  P. v. Montelongo CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALBERT CARLOS MONTELONGO,<br><br>    Defendant and Appellant. | F084431<br><br>(Kern Super. Ct. No. BF164862B)<br><br><br>**OPINION** |

-------

### THE COURT\*

APPEAL from an order of the Superior Court of Kern County.  Brian M. McNamara, Judge.

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, and Clifford E. Zall, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Hill, P. J., Franson, J. and Meehan, J.

**INTRODUCTION**

In 2019, appellant and defendant Albert Carlos Montelongo (appellant) was charged with first degree premeditated murder with a special circumstance and conspiracy to commit murder.  In the third week of trial, appellant entered into a negotiated disposition, and he pleaded no contest to voluntary manslaughter and was sentenced to 11 years in prison.

In 2022, appellant filed a petition for resentencing pursuant to Penal Code section 1172.6[1] and asserted he was entitled to relief because he was convicted of voluntary manslaughter based on a theory of imputed malice.  The trial court denied the petition.

Prior to the decision in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), appellate counsel filed a brief which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Appellant did not file a supplemental brief on his own behalf.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

**The Charged Offenses**

On April 24, 2017, an information was filed in the Superior Court of Kern County charging appellant and codefendant Wendell Orlando Scott with two counts of first

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated. Appellant filed his petition under former section 1170.95, which was renumbered as section 1172.6 without substantive change on June 30, 2022.  (*People v. Saibu* (2022) 81 Cal.App.5th 709, 714; Stats. 2022, ch. 58 (Assem. Bill. 200), § 10, eff. June 30, 2022.) As such, we refer to the subject statute by its current number throughout this opinion.

[2] This court advised the parties that it was considering taking judicial notice of the records in appellant's related appeal in *People v. Montelongo*, dismissed June 30, 2022, F080280.  Appellant requested this appeal be dismissed after the record had been filed with this court, and his request was granted.  The parties did not object to this court taking judicial notice of the prior appeal, therefore, this court takes judicial notice of our own records in *People v. Montelongo*, *supra*, F080280, which consists of the clerk's and reporter's transcripts.  (Evid. Code, § 459, subds. (a), (c); § 452, subd. (d)(1).)

degree murder with special circumstances, additional felony offenses, and gang and firearm enhancements.

**Trial Motions**

On June 24, 2019, the joint jury trial began for appellant and codefendant Scott with motions in limine.

**Amended Information**

On July 9, 2019, an amended information was filed charging appellant and codefendant Scott with committing the following offenses on July 16, 2016: count 1, first degree premeditated murder of Saddam Ali (§ 187, subd. (a), § 189); and count 2, conspiracy to commit murder (§ 182, subd. (a)(1)), in that they willfully and unlawfully conspired together or with another unknown person(s) to commit murder in violation of section 187, and alleged the following overt acts: appellant drove Scott to an area near an address on Eighth Street; Scott possessed a firearm while in the vehicle with appellant; Scott directed appellant to park a block north of the address; Scott got out of the vehicle and went down an alley; Scott waited to the victim to become distracted; Scott approached the victim and fired multiple shots; Scott ran back up the alley; appellant drove Scott and the firearm away from the scene; and the firearm was concealed in a box in appellant's closet.

Also, as to counts 1 and 2, a special circumstance was alleged as to both defendants, that the murder was intentional and carried out while defendants were active participants in a criminal street gang and to further the activities of the gang (§ 190.2, subd. (a)(22)); the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)); and each defendant was a principal, and at least one principal intentionally and personally discharged a firearm in the commission of the offenses causing great bodily injury or death (§ 12022.53, subds. (d) & (e)(1)), along with prior conviction allegations.

Both defendants were also charged with counts 5, 6, and 7, child endangerment (§ 273a, subd. (a)); and count 8, active participation in a criminal street gang (§ 186.22, subd. (a)).

Scott and appellant were separately charged with, respectively, counts 3 and 4, possession of a firearm by a felon (§ 29800, subd. (a)(1)).

**Denial of Defendants' Motions and Plea Hearings**

On July 10, 2019, the court denied defendants' motion to sever their trials and bifurcate the gang allegations.

On July 12, 2019, the court convened outside the jury's presence and stated both defendants had agreed to enter pleas, and the current information had been further amended.

Appellant pleaded no contest to a new charge added to the amended information, count 9, voluntary manslaughter (§ 192, subd. (a)), and admitted one prior strike conviction (§ 667, subd. (e)), pursuant to a negotiated disposition where the court would dismiss the strike and impose the stipulated upper term of 11 years in prison. The court dismissed the remaining charges and allegations, and appellant entered a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.[3] The court stated appellant's plea was based on *People v. West* (1970) 3 Cal.3d 595, but the parties also stipulated the police reports stated a factual basis for the plea.[4]

Codefendant Scott pleaded no contest to count 1, first degree premeditated murder, and admitted the amended allegation pursuant to section 189, subdivision (e)(1), that he was the actual killer; and that the murder was intentional and carried out while

---

[3] "A *Harvey* waiver permits the sentencing court to consider the facts underlying dismissed counts and enhancements when determining the appropriate disposition for the offense or offenses of which the defendant stands convicted." (*People v. Munoz* (2007) 155 Cal.App.4th 160, 167.)

[4] A "*West*" plea is "a plea of nolo contendere, not admitting a factual basis for the plea." (*In re Alvernaz* (1992) 2 Cal.4th 924, 932, parentheses omitted.)

defendant was an active participant in a criminal street gang and to further the activities of the gang; for a stipulated sentence of life without parole. The court dismissed the remaining charges and allegations pursuant to a *Harvey* waiver. The parties stipulated to the police reports as stating the factual basis for the plea.

**Sentencing**

On October 29, 2019, the court held appellant's sentencing hearing and dismissed the prior strike conviction. The court imposed the upper term of 11 years for voluntary manslaughter, consistent with the plea agreement.

On November 6, 2019, appellant filed a notice of appeal from his plea and sentence and requested and obtained a certificate of probable cause.

On June 30, 2020, this court granted appellant's motion to dismiss his appeal.

<u>**APPELLANT MONTELONGO'S SECTION 1172.6 PETITION**</u>

On January 6, 2022, appellant filed, in pro. per., a petition in the trial court for resentencing of his conviction for voluntary manslaughter pursuant to section 1172.6 and requested appointment of counsel.

Appellant's supporting declaration consisted of a preprinted form where he checked boxes that stated (1) he was eligible for resentencing because a complaint, information, or indictment was filed that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) he was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial in which he could have been convicted of murder or manslaughter; and (3) he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

On January 13, 2022, the court appointed the public defender to represent appellant.

**The People's Opposition**

On April 12, 2022, the People filed opposition, and stated appellant entered into the negotiated plea agreement during the third week of his jury trial.

The People argued appellant was ineligible for relief for several reasons. First, the People were already precluded from proceeding on, and the charging document did not allow for, a conviction for murder under felony murder, natural and probable consequences, or another theory of imputed malice. Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) became effective on January 1, 2019, and sections 188 and 189 were amended before the start of the trial and appellant's plea.

Second, the People argued appellant was ineligible for relief because he was charged with murder "as a direct aider and abettor," and the People "did not rely on felony murder, natural and probable consequences doctrine, or other theory of liability where malice was imputed to [him] based solely on his participation in the crime." (Some capitalization omitted.)

Third, appellant was ineligible because he was charged in count 2 with conspiracy to commit murder, "[t]he only target offense of the conspiracy was murder," and "[c]onspiracy to commit murder requires an intent to kill."

**The Court's Denial of the Petition**

On May 18, 2022, the trial court held a hearing on appellant's petition and stated it had reviewed the parties' pleadings. Defense counsel submitted the matter.

The court denied the petition:

"Per the Court's records, the conviction in this case was rendered after January 1st, 2019. [Appellant] entered into a plea agreement during the third week of trial on July 12th, 2019, and the abstract of judgment was entered on November 8th, 2019; therefore, [he] is not eligible for resentencing pursuant to … [former] section 1170.95, failing to meet the

criteria under [subdivision] (a)(3). Pursuant to this section, to be eligible for resentence, there must be a filing that [appellant] could not presently be convicted of murder or attempted murder because of the changes of Section 188 or 189, effective January 1st, 2019. The fact that [appellant] was, in fact, convicted after January 1st, 2019, removes him from eligibility under [former] … section 1170.95."

The district attorney and defense counsel concurred with the court's stated timeline of the case.

On June 2, 2022, appellant filed a timely notice of appeal. Appellate counsel subsequently filed a *Wende* brief with this court and requested independent review of the record.

## DISCUSSION

### I.    Appellant Review and Delgadillo

On December 19, 2022, the California Supreme Court issued the opinion in *Delgadillo*, *supra*, 14 Cal.5th 216, and held a *Wende* analysis is not applicable to a superior court's order that denies a petition for postconviction relief under section 1172.6. (*Delgadillo*, at p. 222.) *Delgadillo* held that instead of using the process outlined in *Wende*, appointed counsel and the appellate court should do the following: "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id*. at pp. 231–232.)

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. [Citations.] If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss

7.

the appeal as abandoned. [Citation.] If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter. [Citation.] While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal." (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

*Delgadillo* stated counsel filed a *Wende* brief in that case, along with a declaration that counsel had advised the defendant that he could personally file a supplemental brief raising any issues. The appellate court sent a notice to the defendant that he could file a supplemental brief, but that notice did not state the appeal would be dismissed if he failed to do so. (*Delgadillo, supra*, 14 Cal.5th at pp. 223–224.) *Delgadillo* held the appellate court's notice to the defendant was "suboptimal" because "it indicated that the *Wende* procedures would apply when they did not, and it did not inform [the defendant] that the appeal would be dismissed as abandoned if no supplemental brief or letter was filed." (*Id*. at pp. 222–223, 233.)

As a result, *Delgadillo* conducted its own independent review of the record "voluntarily in the interest of judicial economy," and determined the defendant was not entitled to relief under section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at p. 222.)

*Analysis*

On October 20, 2022, prior to the decision in *Delgadillo*, appellate counsel filed a *Wende* brief with this court, that included counsel's declaration that his client was advised he could file his own brief with this court.

Also, on October 20, 2022, we informed appellant that he could file a letter in this matter stating any grounds that he wanted this court to consider, and if he did not do so, "the court will assume you have nothing further to add." He did not file a supplemental brief.

As in *Delgadillo*, this court's notice must be deemed "suboptimal" because appellant was not informed his appeal would be dismissed as abandoned if he did not file

8.

a supplemental brief.  Accordingly, even though *Wende* is inapplicable in this situation, we will conduct our own independent review of the record.  (*Delgadillo, supra*, 14 Cal.5th at p. 233.)

**II.     Section 1172.6**

We begin with Senate Bill 1437's amendments of sections 188 and 189, the enactment of section 1172.6, and subsequent statutory amendments.

"Effective January 1, 2019, Senate Bill No. 1437 … amended the felony-murder rule by adding section 189, subdivision (e).  [Citation.]  It provides that a participant in the qualifying felony is liable for felony murder only if the person:  (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life.  [Citation.]  The Legislature also amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' "  (*People v Harden* (2022) 81 Cal.App.5th 45, 50–51; *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," codified in section 1172.6.  (*Strong, supra*, 13 Cal.5th at p. 708, fn. omitted.)  The original version of the statute permitted "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437."  (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

Effective January 1, 2022, Senate Bill No. 775 (2020–2021 Reg. Sess.) (Senate Bill 775) amended section 1172.6 and " '[c]larifie[d] that persons who were convicted of

attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' " (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

Section 1172.6, subdivision (a) thus states:

> "(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine,* or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a), italics added.)[5]

The court shall appoint counsel if requested by petitioner. (§ 1172.6, subd. (b)(3).) After service of the petition, the prosecutor shall file and serve a response. The petitioner may file and serve a reply after the response is served. (*Id.*, subd. (c).)

---

[5] While not applicable herein, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f).)

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

If an order to show cause is issued, "the court shall hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence…." (§ 1172.6, subd. (d)(1).)

"At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens…." (§ 1172.6, subd. (d)(3).)

## III.  Appellant Was Ineligible for Relief as a Matter of Law

In determining whether a petitioner made a prima facie case for relief, the court may review the record of conviction that allows the court "to distinguish petitions with

potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that … culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process. [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 971 & fn. 6.)

We have reviewed the entire record and find the trial court complied with the procedural requirements of section 1172.6 – it appointed counsel to represent appellant, received further briefing, conducted a hearing, and stated the reasons it was denying his petition.

We further find the court correctly found appellant was ineligible for resentencing as a matter of law. As applicable to appellant's case, section 1172.6 states that a person convicted of manslaughter under an imputed malice theory may file a petition for resentencing if he shows all the following: (1) an information was filed that allowed the prosecution to proceed "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine," (2) the petitioner was convicted of voluntary manslaughter following a plea offer in lieu of trial "at which the petitioner *could have been convicted of murder or attempted murder*," and (3) the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a), italics added.)

In this case, appellant was not originally charged with manslaughter. Instead, the amended information charged him with count 1, first degree premediated murder with a special circumstance, and count 2, conspiracy to commit murder. At the hearing on defendants' motion for severance, the prosecutor stated he was not going to rely on the felony-murder rule as to either appellant or codefendant Scott; and, as to appellant, he was going to rely on direct aiding and abetting and conspiracy to commit murder.

Appellant was ineligible for resentencing under the express provisions of section 1172.6 because the amendments enacted by Senate Bill 1437 did not eliminate direct aiding and abetting liability for murder since "a direct aider and abettor to murder must possess malice aforethought." (*People v. Gentile* (2020) 10 Cal.5th 830, 848.) In addition, the amendments did not include any "legislative intent to lessen the penalty for conspiracy to murder under any circumstance … presumably because the crime as defined in the Penal Code is based on the conspirator defendant's own subjective *mens rea*: conspiracy to murder requires that a defendant either act with malice or intend to kill." (*People v. Whitson* (2022) 79 Cal.App.5th 22, 35, fn. omitted.) "A jury's finding that a defendant is guilty of conspiracy to murder, when a murder has in fact been committed, is 'in effect [a finding] that [the defendant] was a direct aider and abettor of the killings.' " (*Id*. at p. 36.)

Based on the amended information, appellant was going to be being tried for both first degree murder and conspiracy to commit murder under the amended versions of sections 188 and 189, and murder was the only target offense alleged as to the conspiracy charge, the prosecutor expressly stated he was not going to rely on the felony murder rule, and appellant was going to be tried as a direct aider and abettor and conspirator. In midst of his July 2019 trial, appellant agreed to accept a negotiated disposition and pleaded no contest to voluntary manslaughter.

We find the trial court correctly found appellant's petition failed to state a prima facie case for relief and he was ineligible for resentencing as a matter of law.

## DISPOSITION

The court's order of May 18, 2022, denying appellant's petition, is affirmed.

13.